Case 2:20-cr-00346-DMG   Document 20   Filed 08/11/20   Page 1 of 11   Page ID #:189

FILED
CLERK, U.S. DISTRICT COURT
08/11/2020
CENTRAL DISTRICT OF CALIFORNIA
BY: ___DM___ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

January 2020 Grand Jury

| UNITED STATES OF AMERICA, | No. 2:20-cr-00346-DMG |
|---|---|
| Plaintiff, | I N D I C T M E N T |
| v. | [21 U.S.C. §§ 841(a)(1), (b)(1)(b)(vi): Possession with Intent to Distribute Fentanyl; 21 U.S.C. §§ 841(a)(1), (b)(1)(C): Distribution of Fentanyl and Cocaine; 18 U.S.C. § 924(c)(1)(A)(1): Possession of a Firearm in Furtherance of a Drug Trafficking Crime; 21 U.S.C. § 853, 18 U.S.C. § 924, 28 U.S.C. § 2461(c): Criminal Forfeiture] |
| GUSTAVO JACIEL SOLIS and JESSICA SARAH PEREZ, | |
| Defendants. | |

The Grand Jury charges:

COUNT ONE

[21 U.S.C. §§ 841(a)(1), (b)(1)(C)]

[DEFENDANT SOLIS]

On or about May 29, 2020, in Los Angeles County, within the Central District of California, defendant GUSTAVO JACIEL SOLIS knowingly and intentionally distributed N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide ("fentanyl"), a Schedule II narcotic drug controlled substance.

COUNT TWO

[21 U.S.C. §§ 841(a)(1), (b)(1)(C); 18 U.S.C. § 2(a)]

[DEFENDANTS SOLIS AND PEREZ]

On or about June 25, 2020, in Los Angeles County, within the Central District of California, defendants GUSTAVO JACIEL SOLIS and JESSICA SARAH PEREZ, each aiding and abetting the other, knowingly and intentionally distributed N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide ("fentanyl"), a Schedule II narcotic drug controlled substance.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

COUNT THREE

[21 U.S.C. §§ 841(a)(1), (b)(1)(C); 18 U.S.C. § 2(a)]

[DEFENDANTS SOLIS AND PEREZ]

On or about June 25, 2020, in Los Angeles County, within the Central District of California, defendants GUSTAVO JACIEL SOLIS and JESSICA SARAH PEREZ, each aiding and abetting the other, knowingly and intentionally distributed cocaine, a Schedule II narcotic drug controlled substance.

COUNT FOUR

[21 U.S.C. §§ 841(a)(1), (b)(1)(C); 18 U.S.C. § 2(a)]

[DEFENDANTS SOLIS AND PEREZ]

On or about July 13, 2020, in Los Angeles County, within the Central District of California, defendants GUSTAVO JACIEL SOLIS and JESSICA SARAH PEREZ, each aiding and abetting the other, knowingly and intentionally distributed N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide ("fentanyl"), a Schedule II narcotic drug controlled substance.

COUNT FIVE

[21 U.S.C. §§ 841(a)(1), (b)(1)(B)(vi)]

[DEFENDANT SOLIS]

On or about July 29, 2020, in Los Angeles County, within the Central District of California, defendant GUSTAVO JACIEL SOLIS knowingly and intentionally possessed with intent to distribute at least 40 grams, that is, approximately 101.04 grams, of a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide ("fentanyl"), a Schedule II narcotic drug controlled substance.

## COUNT SIX

[18 U.S.C. § 924(c)(1)(A)(i)]

[DEFENDANT SOLIS]

On or about July 29, 2020, in Los Angeles County, within the Central District of California, defendant GUSTAVO JACIEL SOLIS knowingly possessed firearms, namely, a Maverick Arms, Model 88, 12-gauge shotgun, bearing serial number 0271769, a Smith and Wesson, model M&P .40 caliber semi-automatic pistol, bearing serial number MFP7521, a Smith and Wesson, model SD9 VE 9mm semi-automatic pistol, bearing serial number FBF1098, and a Glock-style Polymer80 9mm semi-automatic pistol that did not contain a legitimate manufacturing mark or serial number (also known as a "ghost gun"), in furtherance of a drug trafficking crime, namely, Possession with Intent to Distribute Fentanyl, in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(B)(vi), as charged in Count Five of this Indictment.

FORFEITURE ALLEGATION ONE

[21 U.S.C. § 853; 18 U.S.C. § 924; 28 U.S.C. § 2461(c)]

1. Pursuant to Rule 32.2(a) of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 21, United States Code, Section 853, Title 18, United States Code, Section 924, and Title 28, United States Code, Section 2461(c), in the event of any defendant's conviction of any of the offenses set forth in any of Counts One Through Five of this Indictment.

2. Any defendant so convicted shall forfeit to the United States of America the following:

(a) All right, title and interest in any and all property, real or personal, constituting or derived from, any proceeds which the defendant obtained, directly or indirectly, from any such offense, including but not limited to the following seized on July 19, 2020:

   i. One 2012 White Mercedes C Class Sedan, bearing California License Plate 6UYU028, Vehicle Identification No. WDDGF4HB5CA716827;

   ii. $83,777.48 in U.S. currency;

   iii. $3,000 in U.S. currency;

   iv. $1,798 in U.S. currency;

(b) All right, title and interest in any and all property, real or personal, used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of any such offense including but not limited to the following:

    i. One Grey, four-door, 2016 Dodge Charger, bearing California License Plate No. 7RFF971, and Vehicle Identification No. 2C3CDXHG5GH179271;

    ii. One White, four-door, 2017 Nissan Sentra, bearing California License Plate No. 7UDH596, and Vehicle Identification No. 3N1AB7AP1GY325486;

 (c) All right, title, and interest in any firearm or ammunition involved in or used in any such offense, including but not limited to the following:

    i. One Maverick Arms, Model 88, 12-gauge shotgun, bearing serial number 0271769;

    ii. One Smith and Wesson, model M&P .40 caliber semi-automatic pistol, bearing serial number MFP7521;

    iii. One Smith and Wesson, model SD9 VE 9mm semi-automatic pistol, bearing serial number FBF1098;

    iv. One Glock-style Polymer80 9mm semi-automatic pistol that did not contain a legitimate manufacturing mark or serial number (also known as a "ghost gun"); and

 (d) To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraphs (a), (b), and (c).

 3. Pursuant to Title 21, United States Code, Section 853(p), and as incorporated by Title 28, United States Code, Section 2461(c) any defendant so convicted shall forfeit substitute property if, by any act or omission of said defendant, the property described in the preceding paragraph, or any portion thereof: (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been placed beyond the

jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

FORFEITURE ALLEGATION TWO

[18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c)]

1. Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 924(d)(1), and Title 28, United States Code, Section 2461(c), in the event of the defendant's conviction of the offense set forth in Count Six of this Indictment.

2. The defendant, if so convicted, shall forfeit to the United States of America the following:

(a) All right, title, and interest in any firearm or ammunition involved in or used in such offense, including but not limited to the following:

i. One Mossberg Maverick 12-gauge shotgun, bearing serial number 0271769;

ii. One Maverick Arms, Model 88, 12-gauge shotgun, bearing serial number 0271769;

iii. One Smith and Wesson, model M&P .40 caliber semi-automatic pistol, bearing serial number MFP7521;

iv. One Smith and Wesson, model SD9 VE 9mm semi-automatic pistol, bearing serial number FBF1098;

v. One Glock-style Polymer80 9mm semi-automatic pistol that did not contain a legitimate manufacturing mark or serial number (also known as a "ghost gun"); and

(b) To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraph (a).

3.      Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), the defendant, if so convicted, shall forfeit substitute property, up to the value of the property described in the preceding paragraph if, as the result of any act or omission of the defendant, the property described in the preceding paragraph or any portion thereof (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

A TRUE BILL

/S/
Foreperson

NICOLA T. HANNA
United States Attorney

BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division

SCOTT M. GARRINGER
Assistant United States Attorney
Deputy Chief, Criminal Division

JOSHUA O. MAUSNER
Assistant United States Attorney
Acting Deputy Chief,
General Crimes Section

PATRICK CASTAÑEDA
Special Assistant United States
Attorney, General Crimes Section